IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20320
_____


HILTON CRAWFORD


                                    Petitioner - Appellant

        v.

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION


                                    Respondent - Appellee

_____

            Appeal from the United States District Court
                for the Southern District of Texas
                        No. H-00-3385
_____
                      December 17, 2002

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

     Petitioner-Appellant Hilton Crawford appeals the decision by

the District Court for the Southern District of Texas denying his

request for a writ of habeas corpus on any of the sixteen grounds

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

he raised before that court. As the district court denied his request for a certificate of appealability (COA), Crawford has applied to this court for a COA on four of those issues. After reviewing the district court's thorough and reasoned treatment of the case, as well as the briefs of the parties and the records of earlier proceedings, we find Crawford's application for a COA to be without merit. As a result, we reject his application on all grounds.

## I. FACTS AND PROCEDURAL HISTORY

On September 12, 1995, twelve-year-old Samuel McKay Everett was abducted from his home while his parents attended an Amway meeting. When his father returned home, he found the door to the house open. Soon thereafter, a woman called demanding $500,000 ransom. Mr. Everett called 911, his wife, and Crawford, who was a friend of the family who had previously served as the county's deputy sheriff.

Neighbors reported that, during the meeting, a vehicle matching the description of Crawford's car was parked in the driveway to the Everett's house. The FBI, upon inspecting Crawford's car, noted that it had recently been cleaned; a further examination revealed blood stains in the trunk and on the driver's side. The investigation also uncovered a friend who had unwittingly helped Crawford clean Samuel's blood from the trunk, as well as the woman who made the ransom demand. She implicated Crawford as the killer.

Crawford was arrested.  Although he was able to provide police with a detailed map to the place in Louisiana where the body was buried, he maintained his innocence as to the murder.  Crawford claimed that an individual named "R. L. Remmington" had planned and committed the kidnapping and murder.  The police were unable to verify Remmington's existence.  Crawford confessed to the crime, twice, on videotape.  Each time, he admitted to having participated in the kidnapping and murder but blamed the actual killing on Remmington.  An investigation into Crawford's financial status uncovered both financial difficulties and Crawford's knowledge that any ransom paid for Samuel would be covered by the Everett's insurance policy.

On September 20, 1995, Crawford was indicted for capital murder for shooting Samuel during the course of a kidnapping.  Because, when the police discovered the body, the extent of decomposition made it impossible to determine whether the boy had died from the gunshot or from multiple severe head traumas, the indictment was later amended to include death by striking the victim in the head.  On July 19, 1996, a jury convicted Crawford of capital murder.  During the punishment phase, the jury returned answers to the special verdicts that mandated a sentence of death.

In 1999, the Texas Court of Criminal Appeals affirmed Crawford's conviction.  Crawford v. State, No. 72,611 (Tex. Crim. App. 1999) (unpublished op.).  The United States Supreme Court

3

denied his petition for writ of certiorari. <u>Crawford v. Texas</u>, 528 U.S. 835 (1999).

As required by Texas law, Crawford filed his petition for state collateral review while his direct appeal was pending. On July 17, 1998, John Quinn, Crawford's habeas attorney, filed a petition for habeas relief in state court; he raised thirteen issues, each of which he had also raised on direct appeal. While this petition was pending, Roy Greenwood, one of Crawford's current attorneys, filed a motion to be appointed as co-counsel and to strike all of the habeas pleadings that had been filed by Mr. Quinn. Mr. Greenwood argued that the new pleadings were required because Mr. Quinn failed to present any claims that were not already being considered on direct appeal.

On November 20, 1998, the state habeas court entered findings of fact and conclusions of law recommending that Crawford's original petition for habeas relief (the one filed by Mr. Quinn) be denied. On March 19, 1999, the Court of Criminal Appeals found that recommendation supported by the record and denied the application. <u>Ex parte Crawford</u>, No. 40,439-01 (Tex. Crim. App. 1999). The Court of Criminal Appeals later dismissed Mr. Greenwood's supplemental application, finding it to be a subsequent habeas petition that did not satisfy the requirements for acceptance. <u>See</u> TEX. CRIM. PROC. CODE ANN. § 11.071(5) (Vernon 2002) (stating that a subsequent petition for habeas relief will

4

be considered only where the petitioner overcomes three stringent procedural and substantive hurdles).

Crawford timely filed a petition for habeas relief in the district court on September 27, 2000; he filed an amended petition two months later. The State moved for summary judgment on all of Crawford's claims. In a thorough, careful opinion, the district court granted the State's motion for summary judgment and declined Crawford's application for a COA on any of the issues presented.

II. APPLICABLE LAW

Crawford comes to this court seeking a COA on four of the issues considered and rejected by the district court. As he filed his habeas petition in 2000, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) governs our review of this case. See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997) (stating that the AEDPA applies to all cases pending as of April 24, 1996). Under the AEDPA, Crawford must obtain a COA before he may receive full appellate review of the lower court's denial of habeas relief. See 28 U.S.C. § 2253(c)(1)(A) (2000) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.").

We may grant the petitioner's request for a COA only if he has made a "substantial showing of the denial of a constitutional

5

right." Id. § 2253(c)(2). To make such a showing, Crawford must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000), cert. denied, 532 U.S. 915 (2001) (quoting Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)). Where the district court has denied the petitioner's claim on procedural grounds, to obtain a COA the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Our review of whether Crawford has made a "substantial showing of the denial of a constitutional right" is also constrained by the applicable AEDPA standards of review. Moore v. Johnson, 225 F.3d 495, 501 (5th Cir. 2000), cert. denied, 532 U.S. 949 (2001). On questions of law, the state court's conclusions will not be disturbed unless they were "contrary to, or an unreasonable application of, clearly established" Supreme Court precedent. 28 U.S.C. § 2254(d)(1) (2000). Furthermore, the state court's findings of fact are presumed correct unless rebutted by clear and convincing evidence. Id. § 2254(e)(1).

III. CRAWFORD'S CLAIMS ON APPEAL

6

Crawford raises four claims rejected by the district court as potential grounds for a COA: (1) ineffective assistance of counsel during the state habeas proceeding in violation of the Due Process Clause of the Fourteenth Amendment; (2) "fraud" by his state habeas counsel permitting review of the court's rulings under FED. R. CIV. P. 60(b); (3) an Eighth Amendment violation arising out of the trial court's decision not to instruct the jury on parole eligibility; and (4) an equal protection claim on the same grounds as (3).

A.   *Ineffective Assistance of Habeas Counsel*

Crawford argues that his original habeas counsel, Mr. Quinn, was constitutionally ineffective because he filed a petition containing only issues that were already being considered on direct appeal.  Crawford identifies several potential issues that Mr. Quinn should have argued on collateral review, including trial counsel's lack of qualifications as a criminal attorney and trial counsel's ineffective assistance during the voir dire, guilt/innocence, and punishment stages of the trial.  Crawford also notes that trial counsel should have, but failed to, challenge the subject matter jurisdiction of the trial court; he reasons that, because the body was discovered in Louisiana and no proof was ever had that the murder was committed in Texas, only a Louisiana state court could properly have had jurisdiction over his case.

7

The district court considered the questions of habeas counsel's competency – except for the jurisdictional question, which Crawford raises in this appeal for the first time – and found them to be procedurally barred.  Alternatively, the district court found that Crawford's claims about the competency of habeas counsel are not cognizable under 28 U.S.C. § 2254(i).

Crawford presents no new argument as to why the Court of Criminal Appeals erred in rejecting his successive habeas petition as procedurally barred or why the district court erred in finding that his claims about the competency of habeas counsel are not cognizable under § 2254(i).  As for the jurisdictional issue, Crawford may not raise it for the first time in this court.  See, e.g., Johnson v. Puckett, 176 F.3d 809, 814 (5th Cir. 1999) ("[A] contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief.").

Crawford has failed to demonstrate that jurists of reason would find the district court's resolution of either issue debatable.  Therefore, he has not made a substantial showing of the denial of a constitutional right, and we decline to grant a COA.

B.    *"Fraud on the Court"*

As his second ground, Crawford argues that the district court should have set aside the decision by the Court of Criminal

8

Appeals that denied relief on his original writ application.  He asserts that a federal court can set aside a fraudulently induced state court judgment under FED. R. CIV. P. 60(b) if the fraud amounted to the denial of a federal right.  Crawford contends that a "fraud on the court" was committed when Mr. Quinn filed, as his original habeas application, what amounted to nothing more than a carbon copy of Crawford's petition for direct appeal.

While noting that the claim was potentially unexhausted, the district court nevertheless denied it on the merits.  See § 2254(b)(2) (2000) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  The court remarked that Crawford failed to demonstrate that Mr. Quinn's actions constituted a "fraud on the court," let alone that his actions amounted to the denial of a federal right.  Further, the court noted that granting relief on the basis of Rule 60(b) would "transgress the principles of comity and federalism entrenched in the AEDPA."  The court concluded that Crawford's attacks ultimately amounted to a challenge to the state habeas proceeding itself, a challenge foreclosed by Fifth Circuit precedent.  See Rudd v. Johnson, 256 F.3d 317, 319-20 (5th Cir.), cert. denied, 122 S. Ct. 477 (2001) (noting that "[a] long line of cases from our circuit dictates that infirmities in state habeas proceedings do not constitute grounds for relief in federal court") (internal quotation omitted).

Crawford raises no new arguments on this appeal that call into question the district court's analysis of this issue. Because he has failed to demonstrate that reasonable jurists might find the district court's assessment of the constitutional claims debatable, we decline to issue a COA on this issue.

C.    *Lack of Parole Instruction at Sentencing*

Crawford next claims that the trial court's refusal to instruct the jury regarding the implications of deciding against the death penalty constituted an Eighth Amendment violation.  He contends that, because he would not have been eligible for parole until he was ninety-six years old, a decision not to choose the death sentence would effectively constitute a sentence of life without the possibility of parole, thereby entitling him to a parole ineligibility jury instruction.  <u>See</u> <u>Simmons v. South Carolina</u>, 512 U.S. 154 (1994) (holding that, in states where the alternative sentence to death is life without parole, the jury must be informed of that fact as a potential mitigating factor). He also argues that, because the trial judge had discretion over whether to instruct the jury on the parole issue, similarly situated defendants were not treated alike; according to Crawford, this unequal treatment violated the Equal Protection Clause.

The district court rejected this claim as having been raised and correctly disposed of on the merits by the Court of Criminal

10

Appeals. Crawford fails to show that the state court's denial of relief on this claim involved an unreasonable application of clearly established federal law as determined by the Supreme Court. See, e.g., Rudd, 256 F.3d at 321 (finding Texas sentencing scheme, where life without parole is not the alternative to a death sentence, not to fall within the scope of Simmons). As to the equal protection challenge, Crawford again fails to show that the state court's denial of relief involved an unreasonable application of clearly established federal law as determined by the Supreme Court. See, e.g., Green v. Johnson, 160 F.3d 1029, 1044 (5th Cir. 1998) (holding that, because capital defendants are not a suspect class, the Texas sentencing scheme is constitutional because a "state may rationally conclude that its capital sentencing scheme would be better served by not requiring that courts inform juries of parole considerations").

Once again, Crawford fails to demonstrate any errors of law or logic in the district court's analysis of either the Eighth Amendment or equal protection challenges to the Texas system. Because he has failed to make a substantial showing of the denial of a constitutional right, we decline to issue a COA on either of these two grounds.

IV. CONCLUSION

Crawford's request for a COA on each of the issues he has raised is DENIED.